[No. A052370. First Dist., Div. Four. Apr. 23, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JACK DEAN BROPHY, Defendant and Appellant.

**COUNSEL**

Christine Dubois, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Aileen Bunney and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

POCHÉ, Acting P. J.— ██ ██ Defendant, Jack Dean Brophy, appeals from a judgment of conviction entered upon his plea of nolo contendere[1] to a single count of possessing methamphetamine for sale. (Health & Saf. Code, § 11378.) Defendant contends that the trial court erred by denying his motion to suppress evidence obtained under six search warrants.

According to the affidavit submitted in support of the initial warrant, Detective Geaslin, a deputy sheriff for Sonoma County, talked by telephone with a postal inspector in Omaha, Nebraska at about 9:30 on the morning of June 21, 1989. The postal inspector told Detective Geaslin that earlier that day "he had intercepted a package at the Air Mail Facility" and "that he 'profiled' the package as possibly containing narcotics." The postal inspector "opened the package and found that it contained four one ounce baggies and four one gram baggies containing . . . cocaine." The return address given on the package was Jack's Video Repair and Service, 2175 Gambels Way, Santa Rosa.

Having made the discovery of the illegal drugs, the postal inspector had arranged for a search warrant of the Omaha home. Somewhat later in the morning Detective Geaslin talked with the Omaha police officer who had served the warrant. According to that officer in addition to finding drug paraphernalia in the Omaha home he had found an express mail receipt for an item sent to the Santa Rosa address and a piece of paper with the name Jack Brophy and the Gambels Way address. A little later the Omaha policeman relayed the additional information that a second package sent to a different Omaha address from Jack's Video and Slides in Santa Rosa had been intercepted but not opened. On this affidavit a search warrant was issued which Detective Geaslin served that afternoon on the Gambels Way address.

When Detective Geaslin went to Gambels Way he learned that Mr. Brophy did not live there, but did receive mail there and was expected to arrive shortly. When Brophy arrived he was told by the detective that he was under arrest for mailing cocaine to Omaha, to which Brophy replied that it wasn't cocaine, it was crank (methamphetamine). In response to questioning Mr. Brophy admitted to having more drugs, guns and money stashed in storage units. Search warrants were eventually issued for five of those units, and a search of them produced more controlled substances.

---

[1]Denial of a motion made under Penal Code section 1538.5 is reviewable on appeal from a judgment of conviction entered upon a plea of nolo contendere. (*People* v. *West* (1970) 3 Cal.3d 595, 601 [91 Cal.Rptr. 385, 477 P.2d 409].)

On March 20, 1990, defendant moved to quash the search warrants and to suppress the evidence obtained under them. Defendant also sought to subpoena from the United States Postal Service: 1) its "standard procedure . . . for drug-profile of packages mailed . . . by next day delivery" and 2) "[a]ny records or files pertaining to JACK DEAN BROPHY . . . in the above-entitled matter." The court refused to issue a subpoena as to the first item, but did direct the postal service to provide "[c]opies of any records or files pertaining to the U.S. Postal Service investigation of the above-named Defendant, including all materials relative to said Defendant derived from the U.S. Postal Service investigation conducted in Omaha, Nebraska." On May 4, defendant's motion for dismissal premised upon the postal service's failure to provide all the requested documents was denied. After repeated continuances the motion to suppress was heard and denied on July 27, 1990.

## Discussion

When the trial court rules on a motion to suppress it makes three determinations: 1) it determines the facts, 2) selects the applicable rule of law, and 3) applies the latter to the former to determine whether or not the rule was violated. (*People* v. *Williams* (1988) 45 Cal.3d 1268, 1301 [248 Cal.Rptr. 834, 756 P.2d 221].) On appeal the first inquiry is subjected to review for substantial evidence. (*People* v. *Loewen* (1983) 35 Cal.3d 117, 123 [196 Cal.Rptr. 846, 672 P.2d 436].) As to the second we apply our independent review applicable to a pure question of law. (*Ibid.*) As to the third, the reasonableness of the challenged conduct, this court again applies an independent judgment standard of review. (*Ibid.*)

The People attempt to defend the ruling arguing as initial matter that defendant has failed to show either that he had an expectation of privacy in the package he sent to Omaha or that its search was unlawful. First-class mail packages moving wholly within the United States may not be opened and searched without a warrant. (*Ex parte Jackson* (1877) 96 U.S. 727, 732-733 [24 L.Ed. 877, 879]; *Lustiger* v. *United States* (9th Cir. 1967) 386 F.2d 132, 139.) The People speculate that this package might have been delivered before it was searched and thus defendant no longer had an expectation of privacy in its contents. If that were the case defendant could not raise a Fourth Amendment claim. (*United States* v. *Salvucci* (1980) 448 U.S. 83, 91-92 [65 L.Ed.2d 619, 627-629, 100 S.Ct. 2547].) This hypothesis is totally unsupported by the record, but more importantly it demonstrates the unfair position in which defendant was placed. Because the postal authorities refused to respond to the court's discovery order defendant *could not* establish with particularity the circumstances of the initial search.

■ The law on evidentiary burdens is well settled. The defendant bears the burden of showing that the officers acted unlawfully in conducting a warrantless search. (*People* v. *Williams*, *supra*, 45 Cal.3d at p. 1300; *Badillo* v. *Superior Court* (1956) 46 Cal.2d 269, 272 [294 P.2d 23].) When the defendant has shown a warrantless entry, the burden shifts to the prosecution to prove that the entry was nevertheless reasonable. (*People* v. *Williams*, *supra*, 45 Cal.3d at p. 1300.) ■ The only facts known to defendant about the search in Omaha are those recited in the affidavit of the Santa Rosa deputy sheriff. That affidavit makes no mention of any warrant; it merely states that the postal inspector "profiled" the package and then opened it.

On April 13, the trial court granted defendant's request for a discovery order, and a formal order issued April 30. As of May 4, the postal service had delivered a large quantity of documents to the district attorney's office, but the district attorney had decided not to examine those documents because the postal service was claiming privilege as to the materials. At the hearing on that day defendant's motion to dismiss the charges as a sanction for the postal service's failure to comply with discovery was denied.

Finally, on July 27, the court heard defendant's suppression motion. As of that time there had apparently been no further discovery produced by the postal service. As defense counsel argued "in light of the results of our battle with the federal government, we have no additional evidence that we are able to present to the court in support of that motion." Counsel outlined the dilemma succinctly: "by denying discovery [we] are unable to adequately attack what we think the root evil here which is the seizure of the package, search of the package, without a warrant."

■ Dismissal is proper as a sanction for refusing to comply with a discovery order when the effect of such refusal is to deny defendant's right to due process. (*People* v. *Broome* (1988) 201 Cal.App.3d 1479, 1497 [247 Cal.Rptr. 854]; *Dell M.* v. *Superior Court* (1977) 70 Cal.App.3d 782, 786 [144 Cal.Rptr. 418].) ■ Here, apparently the trial court concluded that the postal service's refusal to comply with its discovery order did not merit the severe sanction of dismissal.

We are convinced, however, that what happened here was fundamentally unfair. The postal service possessed all the information about the Omaha search of the package. Defendant has the burden of proving that the search was illegal, but he was told, in effect, that he failed to meet that burden because the postal service asserted privilege as to all those facts known only to it. In this instance by failing to enforce its discovery order against the federal officials or in some manner to sanction the prosecution for the failure

of the postal service to comply with that order, the trial court placed defendant in the untenable position of requiring him to prove the nonexistence of a search warrant, but denying him the only means of showing there was no warrant. Because defendant's discovery order was neither enforced nor complied with he was unable to meet his evidentiary burden of showing there had been an unlawful search.

At the time the postal service claimed privilege the trial court should have either enforced its discovery order (if possible) or shifted the burden to the prosecution to show a lawful search had occurred. Because there were no facts before the court as to the lawfulness of the package search the trial court never began the analytical process properly applied to a suppression motion.

## Disposition

The judgment is reversed. The case is remanded to the trial court for a new hearing on defendant's motion to suppress. In the event the motion is granted defendant shall be allowed to vacate his plea of nolo contendere.

In the event the motion is denied after a hearing at which some factual showing as to the circumstances of the package search is made, the judgment shall then be reinstated.

Perley, J., and Reardon, J., concurred.